[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10031
Non-Argument Calendar

_____

D. C. Docket No. 05-20391-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER BERIGUETE,

Defendant-Appellant.

_____

No. 09-10158
Non-Argument Calendar

_____

D. C. Docket No. 06-20689-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER BERIGUETE,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 21, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Alexander Beriguete appeals his 168-month aggregate sentence, which he received for two counts relating to drug offenses — conspiring to possess with intent to distribute five or more kilograms of cocaine and attempting to possess the same amount, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i) and 18 U.S.C. § 2 — and one count of bond jumping, in violation of 18 U.S.C. § 3146(a)(1). He asserts that his sentence was substantively unreasonable and that the district clearly erred by denying his request for a reduction of sentence for acceptance of responsibility. We disagree and AFFIRM his sentence.

## I. BACKGROUND

In May 2005, a grand jury returned a four-count indictment against

Beriguete and two co-defendants in which Beriguete was charged with the aforementioned drug offenses. Beriguete was on bond at the time the indictment was entered. He failed to report to the probation office as required by the conditions of that bond, which led the district court to revoke the bond and issue a warrant for his arrest that same month. In November 2006, a grand jury entered a second indictment against Beriguete, which charged him with a single count of bond jumping. The district court subsequently deemed Beriguete a fugitive, and he was arrested in Boston, Massachusetts in May 2008.

At a consolidated hearing in October 2008, Beriguete pled guilty, without the benefit of a plea agreement, to the two drug-related counts in the first indictment and the bond-jumping count in the second indictment. The two cases were consolidated for sentencing purposes, and a sentencing hearing was held in December 2008. At the hearing, the court noted that, under the sentencing guidelines, Beriguete's adjusted offense level was 34[1] and his criminal history was II, which meant that his advisory guidelines range was 168 to 210 months of imprisonment. Beriguete asserted that these calculations did not reflect a reduction for acceptance of responsibility, to which he believed he was entitled. Both the government and his probation officer stated that they did not support such a

---

[1] Beriguete's base offense level was 32, but the bond jumping made him eligible for a two-level increase under U.S.S.G. § 3C1.1 (Nov. 2008) for obstruction of justice.

reduction because of Beriguete's attempts to avoid arrest. Beriguete replied that his conduct after his arrest evinced an acceptance of responsibility since he did not proceed to trial and announced early on that he intended to plead guilty. He also argued that, in sentencing him, the court should take into account his minor role in the offense, although he did not request a minor role reduction.

The district court noted that Beriguete's behavior did not reflect acceptance of responsibility and thus rejected his request for a reduction along those lines, a decision to which Beriguete objected. The court found that his advisory guidelines range had been calculated correctly and that it adequately reflected the factors discussed in 18 U.S.C. § 3553. It therefore sentenced Beriguete to 168 months of imprisonment, consisting of two concurrent 120-month sentences for the two drug offenses and a 48-month consecutive sentence for the failure to appear.[2] Beriguete appealed the sentence.

## II. DISCUSSION

On appeal, Beriguete raises two issues. He argues that the district court should have reduced his offense level for acceptance of responsibility, despite his fugitive status and his failure to appear on the drug charges. Additionally, he maintains that his aggregate sentence is unreasonable in light of his personal

---

[2] The statutory minium sentence for the drug offenses was 120 months of imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii).

history and circumstances. We address these arguments in turn.

A. Acceptance of Responsibility

"We review a denial of a reduction of sentence for an acceptance of responsibility for clear error." United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009) (citation omitted). A district court's findings with respect to such a denial are "entitled to great deference on review and should not be disturbed unless [they are] without foundation." Id. (quotation marks and citation omitted). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). Except in "extraordinary cases," the fact that a defendant engaged in conduct that would result in an enhancement under U.S.S.G. § 3C1.1 for obstructing or impeding justice generally "indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n.4); see United States v. Singh, 291 F.3d 756, 765 (11th Cir. 2002).

In this case, Beriguete's request for an acceptance-of-responsibility reduction primarily focused on his guilty plea, which we have deemed to be an insufficient basis for such an adjustment. See Sawyer, 180 F.3d at 1323. Furthermore, Beriguete's conduct made him eligible for a § 3C1.1 enhancement and he has not identified any "extraordinary circumstances" that would justify

5

applying a § 3E1.1 acceptance of responsibility adjustment in addition to that enhancement. Singh, 291 F.3d at 765. Accordingly, we conclude that the district court did not clearly err in denying Beriguete's request for an adjustment for acceptance of responsibility.

B. Reasonableness of Sentence

Beriguete contends that the district court's sentence was unreasonable because it improperly relied on one factor, his bond jumping. He asserts that the court ignored various mitigating factors, including that his entitlement to a downward departure based on his cultural assimilation into the United States and his need to support three children and that, under other circumstances, he would have received a minor-role reduction because the amount of cocaine was not reasonably foreseeable by him.

"We review the sentence imposed by the district court for reasonableness." United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). The party challenging that sentence bears the burden of establishing that the sentence is unreasonable. See id. at 788. The sentence must be both procedurally and substantively reasonable. See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam). A sentence would be procedurally unreasonable if, for example, the district court calculated the guidelines range incorrectly, treated

6

the guidelines as mandatory rather than advisory, did not consider the appropriate statutory factors, based a sentence on clearly erroneous facts, or did not provide adequate explanation for the chosen sentence. See id.

We evaluate the substantive reasonableness of the sentence using an abuse-of-discretion standard and take into account "the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."[3] Id. at 1323–24. The court must show that it has given proper consideration to the defendant's arguments and the factors in section 3553(a); however, it need not discuss each factor or state explicitly that it has considered the factors. See Talley, 431 F.3d at 786. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks and citation omitted). A sentence may be unreasonable, though, if the district court unjustifiably relied on any one § 3553(a) factor. See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

In this case, the district court committed no procedural errors because the record indicates that it determined Beriguete's offense level and criminal history category, treated the Guidelines as advisory, and considered the § 3553(a) factors in sentencing him. See Gonzalez, 550 F.3d at 1323.

The sentence was also substantively reasonable. Since the sentence was within the applicable advisory guidelines range, we expect it to be reasonable, and none of Beriguete's arguments call this expectation into question. See Talley, 431 F.3d at 788. The district court was bound by the statutory minimum for the drug offense and thus did not unjustifiably rely on Beriguete's failure to appear in sentencing him since that was the only conduct at issue for the non-mandatory portion of his sentence. See United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). Beriguete failed to show that his family circumstances were sufficiently extraordinary to merit consideration of whether his sentence should be outside the guideline range. See United States v. DeVegter, 439 F.3d 1299, 1307 (11th Cir. 2006). Additionally, although the district court could have considered Beriguete's cultural assimilation as a mitigating factor, it was not required to reduce his sentence as a result. See United States v. Lopez-Velasquez, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam). Moreover, Beriguete was not entitled to a minor-role reduction because the amount of drugs was reasonably foreseeable

since he previously had engaged in similar conduct with his co-defendants. See United States v. Taylor, 17 F.3d 333, 340 (11th Cir. 1994).

Beriguete's sentence also was justified based on his prior conviction for drug trafficking, his fugitive status, and his use of a false name upon his arrest, all of which revealed a need to promote respect for the law, provide deterrence, and protect the public from future harm. Additionally, his sentences are substantially less than the statutory maximum sentences of life imprisonment for the drug offenses and 120 months for the bond jumping, respectively. We therefore find that Beriguete has not demonstrated that his sentence is unreasonable and thus conclude that the district court did not abuse its discretion in sentencing him to 168 months of imprisonment.

### III. CONCLUSION

Beriguete argues that his 168-month sentence for various drug offenses and bond jumping was substantively unreasonable and that the district should have granted his request for a reduction of sentence for acceptance of responsibility. Based on our review of the record, we conclude that the court did not clearly err in denying his request for an acceptance-of-responsibility reduction and that his sentence was procedurally and substantively reasonable. We therefore AFFIRM his sentence.

**AFFIRMED**.